# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30052
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES HAMPTON,

Defendant-Appellant

Cons. w/ No. 13-30131

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES QUINNEY HAMPTON,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:99-CR-20103-1
USDC No. 2:04-CR-20111-1

No. 13-30052
c/w No. 13-30131

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

James Hampton appeals the above-range sentence of 48 months imposed following the district court's revocation of his term of supervised release. He began serving the term after completing his sentence of imprisonment for his conviction for possession with intent to distribute cocaine.

Hampton also appealed from a 12-month revocation sentence imposed based on his violation of the conditions of supervised release arising out of his conviction for conspiracy to possess contraband in prison. That case was consolidated with the instant drug case on appeal. However, Hampton has not challenged the 12-month revocation sentence in his brief. Thus, he has abandoned his challenge in appeal No. 13-30131. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Hampton argues that his sentence is plainly unreasonable because the district court procedurally erred by failing to provide adequate reasons for departing or varying upward to a sentence that was double the advisory guidelines range sentence. Because Hampton failed to raise this argument in the district court, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

The district court reviewed the charged violation; considered the arguments of the parties, including the mitigating circumstances presented by Hampton; and provided specific reasons for rejecting Hampton's contention that his inability to obtain employment was a mitigating circumstance. The district court made it clear that it believed that Hampton could have obtained

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the right to open a business using legal means and that Hampton's reliance on illegal conduct was a continuation of his history of engaging in criminal conduct. The record reflects that the district court provided adequate reasons for the sentence imposed, and therefore, it committed no procedural error, plain or otherwise. *See United States v. Whitelaw*, 580 F.3d 256, 261 (5th Cir. 2009).

Hampton also argues that his 48-month sentence is substantively unreasonable because he committed a single violation during his supervised release, which did not harm anyone and provided him with the means to comply with the condition of supervised release that he obtain employment. We review a preserved objection to a revocation sentence's substantive reasonableness under the plainly unreasonable standard. *United States v. Miller,* 634 F.3d 841, 843 (5th Cir. 2011). We first examine the substantive reasonableness of a sentence for an abuse of discretion, and, if it is unreasonable, we consider whether the error was obvious under the existing law. *Id.* Hampton's assertion that the sentence was plainly unreasonable because he committed a single technical violation of his supervised release fails because, as he acknowledged, his conduct involved the commission of the crimes of identity theft and bank fraud. The district court properly considered the illegal nature of Hampton's fraudulent scheme and his history of failing to comply with the conditions of parole and supervised release, which were relevant 18 U.S.C. § 3553(a) factors. The district court also considered the mitigating circumstances alleged by Hampton but found that Hampton could have overcome his issues by employing lawful means. Based on the totality of circumstances, the district court's imposition of a sentence above the advisory guidelines range did not reflect an abuse of discretion. It follows that it was

No. 13-30052
c/w No. 13-30131

not plainly unreasonable.  *See Miller*, 634 F.3d at 843.  The judgments are

AFFIRMED.